## DICKSON v. GOURDIN.

1. The statute of limitations, as such, has no application to an action on a sealed instrument executed prior to 1870.   But the courts will presume payment after the lapse of twenty years, if there is nothing to rebut such a presumption.

2. After this presumption of payment is complete it can only be rebutted by such proof as would take an action upon a promissory note out of the statute of limitations.

3. The rebuttal of this presumption by a part payment is not upon the theory of a new promise, but of an admission by which the old debt is acknowledged to be unpaid.   The statute of limitations creates a legal bar to the action, but where there is no statutory bar, lapse of time merely raises a presumption of payment, which may be rebutted.

4. Part payments within twenty years after maturity made by the principal obligor with the knowledge of the surety, his brother and partner, rebut the presumption of full payment by either the principal or the surety.

5. This action on a bond distinguished from the case of *Walters* v. *Kraft,* 23 *S. C.,* 583, which was on a promissory note.

Before WITHERSPOON, J., Charleston, July, 1886.

The opinion states the facts of the case. The Circuit decree was as follows:

The sole question then submitted for determination by the court is, whether or not the estate of Henry Gourdin, the deceased surety and joint and several obligor on said bond, is discharged from liability by the presumption of payment arising from lapse of time. Ordinarily and within twenty years it has been held that the possession of a note by plaintiff entitled him to judgment, unless the defendant shows payment. After the twenty years has expired from maturity the *burden is shifted,* the note or bond is presumed paid, and the plaintiff is then required to show non-payment, or he will fail in his suit. This presumption of payment, arising from the lapse of twenty years or more, is not a presumption of law, constituting a legal bar, but one of fact, based upon public policy and necessity, which from lapse of time has acquired an artificial force stronger than belief, and has been held conclusive, unless overthrown by testimony of the character required to resist a note without seal barred by the statute of limitations. *Shubrick* v. *Adams,* 20 *S. C.,* 51. An admission simply that the debt has not been paid will not be sufficient, unless it be an admission amounting to an acknowledgment of a subsisting liability like that which would renew a debt barred by the statute. *Stover* v. *Duren,* 3 *Strob.,* 450, reaffirmed in *Boyce* v. *Lake,* 17 *S. C.,* 488.

In this case plaintiff relies upon the admitted fact of the regular payment of interest on the bond, by checks of the firm of Gourdin, Matthiessen & Co., of which firm Robert N. Gourdin, the principal, and Henry Gourdin, the surety, were both members, and that the checks were charged to Robert N. Gourdin on the books of the firm, as sufficient to rebut the presump-

tion of the payment arising from lapse of time. Is this sufficient to rebut the presumption of payment as to the surety, Henry Gourdin, deceased? It is admitted that none of the interest on the bond was ever paid by Henry Gourdin, the surety, *personally*. I conclude, as *matter of fact*, that all of the interest paid on the bond was paid by Robert N. Gourdin, the principal debtor.

As the testimony to rebut the presumption of payment must be of the character required to *renew* a debt barred by statute, it is insisted that the principles decided in the case of *Walters* v. *Kraft* (23 *S. C.*, 578) are applicable to the case under consideration. In *Walters* v. *Kraft*, the action was upon the joint and several promissory note, dated May 29, 1872, and payable at thirty days. The interest was regularly paid each year by the principal debtor, the last payments being June 1, 1877, and June 1, 1878, the other two parties to the note being sureties. The action in that case was commenced February 21, 1880. There is a striking similarity in the facts in the two cases. The defence in *Walters* v. *Kraft*, relied upon by the *sureties*, was the statute of limitations, and not presumption of payment, as in this case, and the only question raised by the appeal was, whether payments made by the *principal debtor*, before the statutory period as to the note had expired, would take the case out of the statute *as to the sureties*. It was decided that it would not.

In *Walters* v. *Kraft*, as in the case of *Smith* v. *Caldwell*, it was held that when the statutory period, counting from the original accrual of the cause of action, expired before the commencement of the suit, a promise shown for the purpose of opposing the plea of the statute, *is itself the cause of action*, whether such promise was made before or after the expiration of the statutory period; that payment, admission, and the like, are but evidence of a promise to pay, and that whatever is said to *revive a debt* must operate through a promise, express or implied; that the same construction applies as well to the *former* as to the *present* statute of limitations. It was further held in that case, that a *new promise* was *implied* from partial payments credited on the note, constituting a new contract and a new cause of action upon which the principal debtor making it was alone liable.

Apply by analogy these principles to the bond sued upon in

this case, as if twenty years had been expressly declared by statute to create a bar to this action, what would be the effect as to the liability of the estate of the surety under a plea of presumption of payment? More than twenty years had elapsed in this case from the maturity of the bond to the death of the *surety* in December, 1879, or to the commencement of this action, April 12, 1886. Whilst the payment of interest in this case would bind the principal *debtor* who made it, yet under the authority of *Walters* v. *Kraft* it would not be sufficient to continue the liability as "against the surety." In *Walters* v. *Kraft* it is said there is no just foundation for the idea that payment on a note by one of several joint debtors, is the act of all, on the ground of agency arising from community of interest.

The fact of the payment of interest by the principal debtor, by checks of the firm, of which the principal and surety are both members, and the charging of said checks on the books of said firm to the principal debtor, I do not think sufficient to rebut the artificial force of the presumption of payment relied upon by the executors of the deceased surety.

It was, however, urged by plaintiff that the bond should not be presumed paid as to the estate of the deceased surety, inasmuch as it appears that judgment has been rendered by default against the principal debtor on said bond. I am impressed with the force of this objection, but regarding the case of *Walters* v. *Kraft* as applicable by analogy to the presumption of payment, relied on in this case, and as the facts and circumstances of the two cases are almost similar, except that the statute of limitations cannot be interposed as a bar in this case, I must conclude that the estate of Henry Gourdin, the surety, is discharged by the presumption of payment arising from lapse of time, from liability upon the bond in suit, notwithstanding the judgment by default rendered against the principal debtors on said bond. As the facts as agreed upon have already been recited, it will not be necessary to restate them in conclusion. I conclude, as matter of law, that the estate of Henry Gourdin, the deceased surety, is discharged from liability upon the bond in suit, by presumption of payment arising from lapse of time.

It is therefore ordered and adjudged, that plaintiff's complaint

herein, so far as the same relates to Robert N. Gourdin and Henry E. Young, as executors of Henry Gourdin, deceased, be dismissed with costs.

The plaintiff appealed upon the exceptions copied into the opinion.

*Messrs. Miles & Cheves,* for appellant.

*Mr. H. E. Young,* contra, cited 17 *S. C.,* 4; 1 *Hill Ch.,* 376; 3 *Strob.,* 450; 4 *Rich. Eq.,* 152; *Best Pres.,* § 188; 17 *S. C.,* 486; 20 *Id.,* 51, 369; 23 *Id.,* 583, 149.

April 11, 1887. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action against Robert N. Gourdin, and Robert N. Gourdin and Henry E. Young, the executors of Henry Gourdin, to recover the amount due on a joint and several bond executed by R. N. Gourdin and Henry Gourdin, now deceased, which became due in 1857. Judgment by default was rendered against Robert N. Gourdin, but the executors of Henry claimed that as to his estate the bond was presumed paid by lapse of time. Upon this issue the facts agreed upon were as follows:

1. The plaintiff is the legal owner and holder of the bond in suit (which, with the mesne assignments and endorsements, is admitted), and there is now due on the same the sum of $760, with interest, &c.

2. That the said bond was made by R. N. Gourdin for the purchase money of negroes bought by him, and the said Henry Gourdin was surety on the bond. That interest was regularly paid thereon up to April 27, 1884.

3. That the interest was paid by the check of the firm of Gourdin, Matthiessen & Co., and charged to R. N. Gourdin, entered and appearing on their books, and within the knowledge of H. Gourdin, a partner. There was no payment on the bond by H. Gourdin personally up to the time of his death, December 4, 1879, unless the above is such. Private bills of members of the firm were generally paid by the check of the firm, and charged to the members individually.

4. That after Henry Gourdin's death interest was regularly paid till April 27, 1834, by R. N. Gourdin, as above, who was an executor and sole residuary legatee and devisee. There was no separate account of the estate of H. Gourdin kept, except one for about a year by Mr. R. N. Gourdin, and none was filed in the probate court.

5. Up to about two years ago R. N. Gourdin was owner of property to a large extent, and was easily able to pay this debt. He could have been compelled to pay it by process of law. The payment of the principal of the debt was not demanded by the holders of the bond. The bond was taken for the trust estate of Mrs. O'Hear as an investment under authority of the Court of Equity. The circumstances of the estate and changes of trustees made change of investment difficult. For the past few years there was no trustee to do so. The credit of the obligees was high, they were brothers, lived together, and were, with others, partners in business. Payments of interest were regularly made through their firm and entered in the firm books. H. Gourdin was conversant with this and the condition of his brother's estate. He never demanded of the holders or applied to the court to have the said bond paid.

The question submitted to the court on these facts was whether the estate of Henry Gourdin was responsible for the debt under these circumstances? The responsibility of Mr. R. N. Gourdin was admitted. Judge Witherspoon found, as matter of fact, that all the payments of interest on the bond were made by Robert N. Gourdin, the principal debtor; and held, as matter of law, on the authority of *Walters* v. *Kraft* (23 *S. C.*, 582), that the estate of Henry Gourdin, the deceased surety, was discharged from liability upon the bond in suit by presumption of payment arising from lapse of time, and ordered the complaint as against the executors of Henry Gourdin to be dismissed.

From this judgment the plaintiff appeals to this court upon the following grounds: "I. Because his honor erred, in that upon the facts in the case he 'concludes that the estate of Henry Gourdin, the surety, is discharged by the presumption of payment arising from lapse of time from liability upon the bond in suit,' notwithstanding the judgment by default rendered against the

principal debtor on said bond.   II. Because his honor erred, in that he 'concludes, as matter of law, that the estate of Henry Gourdin, the deceased surety, is discharged from liability upon the bond in suit by presumption of payment arising from lapse of time.'   III. Because his honor erred, in that he 'ordered and adjudged the plaintiff's complaint herein, so far as the same relates to Robert N. Gourdin and Henry E. Young, as executors of Henry Gourdin, deceased, be dismissed with costs,'" &c.

The Circuit Judge was certainly right in holding that as the action was on a specialty, which was executed in 1854 and fell due in 1857, the statute of limitations as such did not apply to it, but it was subject to the rule adopted by the courts as to the presumption of payment from lapse of time, which is expressed by Mr. Angel as follows : "By analogy to the statute of limitations an artificial presumption has long been established, that when payment of a bond or other specialty was not demanded for twenty years, and there has been no circumstances to show that it was still acknowledged to be in existence, the jury are to presume payment at the end of twenty years."   It will be observed that in such case the action of necessity is on the specialty itself, for if there is any question as to a new promise arising from payments or acknowledgments, that could not be higher than a mere parol contract.   The plea is therefore not a peremptory statutory bar, but really payment, to be proved by a presumption arising from the lapse of twenty years.   The presumption is one of fact, and may be rebutted; but as it is one raised by law, it is said in all the cases that it is "artificial" in character, and only to be rebutted by such proof as would take a case upon a promissory note out of the statute of limitations.   That is to say, such is the case after the twenty years have expired; for before the whole time has elapsed, there is no presumption whatever.   We cannot say that after five years a fourth, or after ten years a half, of the debt is paid.   There is no presumption until "the end of twenty years," and, as I understand it, before that time any payment or acknowledgment which shows "that the debt was still acknowledged to be in existence," gives a new starting point for the running of the time.

Our courts have always so held.   In *McQueen* v. *Fletcher* (4

*Rich. Eq.*, 161), it was held that "so long as the lapse of time is less than twenty years, every admission which oppugns the inference of payment drawn from it, goes to the jury along with it, and all are weighed together according to their natural force; but when full twenty years have expired, an admission that the payment has not in fact been made cannot, of itself, destroy the effect of the presumption." In *Boyce* v. *Lake* (17 *S. C.*, 488), it was held that "when an acknowledgment is made in writing by the debtor charging him in direct terms, or if there be made a part payment, or part satisfaction of the interest past due, the action must be brought in twenty years next after the time of such acknowledgment, part payment, or part satisfaction," &c.

In *Pyles* v. *Bell* (20 *S. C.*, 369): "A sealed note was given in 1858, upon which payments were made in 1859, 1863, 1873, and 1874, and the action was brought in 1883. Held, that the right of action was kept alive by the credits endorsed, and the note was not presumed to be paid from the lapse of time." And precisely to the same effect, see *Roberts* v. *Smith*, 21 *S. C.*, 465.

We understand that the ruling in all these cases is conceded, as is conclusively shown by the fact that in this case judgment was rendered against R. N. Gourdin, the principal, although the action was brought more than twenty years after the bond fell due, which could only be on the ground that the payments renewed the bond. But the cases have been cited to show clearly what was the principle on which part payment operated to give a new starting point to the running of the time; and especially that it was not at all upon the theory of a new promise, but that the old bond itself was thereby given a new lease of life.

But it is said that all this has reference only to the obligor who actually makes the payments, and that a surety on a joint and several bond who does not personally make payments, stands entirely unaffected by the payments of the principal, and may claim the presumption which twenty years gives, that is to say, payment, although the fact is conclusively shown to be otherwise. No presumption that the bond was paid ever arose against the principal for the reasons above given, yet it is invoked in favor of the surety, in the face of the fact that in the case it was conclusively adjudged not to be paid. Bear in mind that the princi-

pal and surety, as to the creditor, are joint and several obligors, and both bound indefinitely (there being no statute of limitations) until the bond is paid, either actually or by presumption ; and as we have seen that the bond itself was renewed at each payment of interest by the principal, can the same bond be divided and held not to be paid as to one, but paid as to the other ?  We can understand how, in reference to a positive statute of limitations, one might be barred and the other not ; but it is more difficult to see how, as a matter of fact, the bond can be paid as to one, and not as to the other.

It is stated in *Brandt Sur.*, § 120 : "If a principal and surety execute a joint, or joint and several, note, bond, or other obligation, a new promise or a partial payment by the principal will avoid the bar of the statute of limitations as to the surety as well as the principal."  This is placed upon the ground that, as they are jointly liable, the "admission or act of one is the admission or act of the other"—citing many authorities, and among them *Pease* v. *Hirst*, 10 *Barn. & Cr.*, 122 ; *Hunt* v. *Bridgham*, 2 *Pick.*, 583 ; and *Frye* v. *Barker*, 4 *Id.*, 384. In *Pease* v. *Hirst*, *supra*, Mr. Justice Bayley (Littledale concurring) said : "There it is said that as to the three defendants, who are mere sureties, there was no acknowledgment of the debt within the six years.  Here interest on the debt has been paid within that time by one of the four persons jointly liable.  That takes the case out of the statute as to all."  In *Hunt* v. *Bridgham*, *supra*, Mr. Justice Wilde said : "The first ground of defence in this action is the presumption of payment arising from lapse of time.  But this presumption is effectually rebutted by the partial payments made by Ellis, one as late as the year 1815, which are equivalent to an express acknowledgment of an existing debt.  As to the legal effect of these payments, the two defendants stand on the same footing.  The contract being proved, the admission of one is the admission of both.  If one of several joint promissors acknowledges the debt within six years, it will take the case out of the statute of limitations as to the other promissors.  (Authorities.) *A fortiori* will a like admission, whether express or implied, be sufficient to repel a mere presumption.  If there were any proof of collusion between the creditor and the principal to throw the

debt on the surety and to deprive him of his indemnity, without doubt he would be entitled to relief, but nothing of this is pretended," &c.   See note to the case.

In *Bowdre* v. *Hampton* (6 *Rich.*, 219) the court say: "Partial payment of a debt is, in general, the strongest evidence of an admission that the person paying is liable.   Where there is a joint obligation, payment by one of the obligors is evidence of admission by all; because, by entering into a joint agreement they have conferred authority on each other as to the joint duty created by the agreement; because there is a community of interest, and one cannot charge the others by an admission without equally charging himself; and because of technical difficulties that would result from holding that an obligation which subsists jointly should be in any way affected by.an admission, but yet affected, not in its original joint shape, but as a new and several obligation of the obligor who made the admission," &c.   See *Smith* v. *Townsend*, 9 *Rich.*, 45; *Smith* v. *Caldwell*, 15 *Id.*, 374; *Shubrick* v. *Adams*, 20 *S. C.*, 51.

The case at bar seems to be one in which it could almost be said that, in fact as well as in law, the admission of one was the admission of the other.   The principal and surety were not only jointly liable on the same bond, but it seems that their relations were singularly close and confidential.   They were brothers, living together, and members of the same business firm, through which the principal made his payments of the annual interest. It is true, there was great indulgence, but the character of the parties absolutely forbids the idea of misrepresentation or deception.   The surety knew all the time down to his death how the matter stood.   It is not difficult to understand the high and honorable motives which restrained him from either demanding to be released from the bond, or requiring the creditor to press his brother to judgment.

But assuming that this was once undoubtedly the rule, it is argued that the late case of *Walters* v. *Kraft* (23 *S. C.*, 583) has by analogy changed that rule, inasmuch as it was there held that the legal liabilities of all the parties to a note are discharged at the expiration of the statutory period from its maturity, and that payments of the principal of the note, even within the time,

constitute a new promise and a new cause of action, binding only the individual who made them. We do not think that, in the particular indicated, this case is analogous to that or concluded by it. The demand sued on in *Walters* v. *Kraft* was a promissory note, and the action therefore subject to the old statute of limitations. We think a careful examination of that case will conclusively show that the decision was controlled by the very positive and peremptory terms of that statute which declared that such an action might be brought within the time indicated, "and not after." Mr. Justice McIver, in delivering the judgment of the court, among other things in the same line, said: "As long as it was held that the statute [of limitations] operated 'by raising a presumption of payment,' and not 'by creating a legal bar to the action,' it was very natural that anything which went to rebut that presumption should affect all the parties to the action alike, and hence any act of any of the parties tending to show that the debt was not in fact paid, was held sufficient to rebut the plea of the statute which was then, in effect, a plea of payment, inasmuch as it was assumed that motives of self-interest would deter any one of the parties to the contract from any act or omission which would show that the debt was not paid, if, in fact, it was paid," &c. We have here the very case "raising a presumption of payment," which the judge distinguished from one "creating a legal bar to the action." The action here is upon the old bond itself, not subject to any statute of limitations, and therefore not touched by the decision in *Walters* v. *Kraft*, and must be determined by the principles and doctrines applicable alone to the presumption of payment from lapse of time.

The judgment of this court is, that the judgment of the Circuit Court be reversed and the cause remanded for a new trial.