PARK v. BROOKS.

1. NOTE—CAUSE OF ACTION—CONSIDERATION.—A note is not a cause of action; the breach of the promise evidenced by the note is the cause of action. In such action, the consideration of the note need not be alleged or proved, and the same rule applies to an action on a new promise, evidenced by a payment endorsed on the note, and which is supported by the same consideration.

2. IBID.—NEW PROMISE—PLEADINGS.—A complaint which alleged the making of a promissory note by defendant to plaintiff, and "a new promise to pay what was due on said note, principal and interest, to the plaintiff, by paying to the plaintiff, and having it credited on said note, the sum of ten dollars," sufficiently alleges, when "liberally construed with a view to substantial justice between the parties," a payment by defendant to plaintiff, and a consideration for the new promise.

3. CIRCUIT JUDGMENT—ADDITIONAL GROUNDS.—Can this court sustain the ruling of the court below in a jury case on a ground other than that upon which it was rested, where such additional ground relates to a ruling on the admissibility of evidence ?

4. NOTE—LIMITATION OF ACTION—PART PAYMENT.—A payment proved to have been made by the maker of a promissory note after it had become barred by the statute of limitations, is, by the express provisions of section 131 of the Code of Procedure, equivalent to a promise in writing by the maker to pay the debt, upon which action may be brought at any time within six years after such payment.

Before IZLAR, J., Laurens, September, 1892.

Action by J. F. Park against L. R. Brooks, commenced January 28, 1892.

Plaintiff being asked, as a witness, as to a credit on the note sued on, defendant objected on the ground, that the complaint did not allege a new promise, and that no promise is admissible unless in writing, and signed by the party making it. The court ruled as follows:

There is a preliminary question in this case, and that is, whether the complaint sufficiently alleges a new promise. The plaintiff, after setting out that this note was made, and certain payments were made on it from time to time, alleges that on December 7, 1891, the defendant, L. R. Brooks, made a new promise to pay what was due on said note, principal and interest, by paying to the plaintiff, and having it credited on said note, the sum of ten dollars; that, after said new promise to pay the balance of said note, principal and interest, he paid, December 17, 1891, to the plaintiff, on said new promise to pay said note, the sum of fifteen dollars, which was duly credited thereon. Mr. Martin contends that that is not a sufficient allegation of a new promise to warrant the court in allowing the witness to testify as to that new promise. In the first place, he says that the new promise should be in writing, and signed by the party making it. I do not agree with Mr. Martin on that point, but hold that if the allegation of a new promise is sufficiently made, it would not be necessary for it to be in writing and signed by the party, if it was by way of payment which constituted the new promise.

This is the first complaint I have seen in which an attempt is made to carry out the new rule as laid down by the Supreme Court; but if I were the pleader, after stating the fact that the defendant had made the old note, and that six years had expired, I would have continued, and stated that, on the 7th of December, 1891, the defendant, in consideration of the moral obligation upon him to pay this debt, thereby promised to pay to the plaintiff the balance of the said note, and did, at that time, pay to the plaintiff so many dollars and so many cents,

which he directed to be credited upon the note. That would have given the consideration which was the foundation for the new promise, the party to whom the promise was made, and the evidence of it would be the payment that was endorsed upon the note; and that is the only way I see in which it can be done. I do not think the simple assertion that a man made a new promise is an allegation of a new promise. One is a conclusion of law, the other is a fact which must be alleged.

Let Mr. Watts ask his question again, then let Mr. Martin state the grounds of his objection, and I will rule definitely upon it. I would like the question to be passed upon by the Supreme Court, and I trust the case will be carried up.

Q. (By Mr. Watts.) Look on the back of that note, Mr. Park, and see if there was a payment made and credited there December 7, 1891? (Objection by Mr. Martin to plaintiff's proving any endorsement on the note, on the grounds: *First*, that such action would be an attempt to prove a different cause of action from that stated in the complaint; and *second*, it being after the expiration of the six years statutory period, a new promise to pay would have to be in writing, and signed by the party making such promise.)

By the Court: I will sustain the objection to the testimony in regard to the payment referred to, because its introduction is an attempt to prove a different cause of action from that alleged in the complaint. I overrule the objection that the new promise to pay must necessarily be in writing, and signed by the party making it. As I understand it, a payment not signed by the party making it may be sufficient evidence of a new promise. (Mr. Watts entered an exception as to first part of ruling.)

*Mr. R. C. Watts*, for appellant.

*Mr. W. H. Martin*, contra.

February 18, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. For a proper understanding of the questions raised by this appeal, it will be necessary to

make a statement of the pleadings. The plaintiff, in the first paragraph of his complaint, after alleging that the defendant, on the 14th May, 1885, executed his note, whereby he promised to pay the plaintiff, one day after said date, a certain sum of money, and that the defendant had made sundry payments, duly credited on said note, proceeded as follows: "That on December 7th, 1891, the defendant, L. R. Brooks, made a new promise to pay what was due on said note, principal and interest, to the plaintiff, by paying to the plaintiff, and having it credited on said note, the sum of ten dollars; and after said new promise to pay balance of said note, principal and interest, to wit, on December 17th, 1891, he paid to the plaintiff, on said new promise to pay said note, the sum of fifteen dollars, which was duly credited thereon." The allegations in the second paragraph of the complaint are as follows: "That the plaintiff is the owner and holder of the note complained upon; and there is due the plaintiff thereon" the sum of money originally mentioned in said note, and interest thereon from 14th May, 1885, less the credits admitted. The defence was, first, a general denial, and, second, the statute of limitations.

The note was admitted in evidence without objection; but when the plaintiff proposed to offer in evidence the payments as credited on the note, objection was made upon two grounds: First. Because the introduction of such evidence would be an attempt to prove a different cause of action from that alleged in the complaint. Second. Because such new promise, having been alleged to have been made more than six years after the accrual of the right of action on the note, it must be in writing, and signed by the party to be charged. The Circuit Judge sustained the objection on the first ground, but overruled the second ground. To the ruling sustaining the objection on the first ground, plaintiff excepted. The jury were charged that the only question for them to determine was whether six years had elapsed from the accrual of the original right of action on the note before the commencement of the present action; and if that period had elapsed, then the action was barred by the statute of limitations, and the plaintiff could not recover. Under this charge, the jury rendered a verdict for the defend-

ant, and from the judgment entered on the verdict plaintiff appeals, upon the several grounds set out in the record. These grounds raise substantially the single question, whether the judge erred in holding that the action must be regarded as an action on the note, and could not be regarded as an action on the new promise.

While it is quite common to speak of "an action on a note" or to characterize the note as the "cause of action," yet neither of these expressions are technically accurate. Properly speaking, a note is never the cause of action, but it is the breach of the promise *evidenced by the note* which constitutes the cause of action, and the action is upon such breach, and not upon the note. Now, as it is familiar law that in an action for the breach of a promise to pay money mentioned in the note, which constitutes the evidence of such promise, it is not necessary either to allege or prove any consideration for such promise, we do not see why such allegation or proof should be required in an action for a breach of a new promise to pay the same sum of money evidenced by a payment endorsed upon the note. It is the same debt, which, though barred by the statute of limitations, is not either paid or extinguished thereby ( *Wilson* v. *Kelly,* 16 S. C., 216), and the maker of the note being still under an obligation, either legal or moral, as the case may be, to pay it, his new promise to comply with such obligation, evidenced by an endorsement on the note, may well be assumed to rest upon the same consideration as that which supported the original promise.

But even if we are in error in this, and the Circuit Judge was right in holding that it was necessary to allege in the complaint the consideration of the new promise, it seems to us that such consideration was sufficiently alleged. While it may be true that the form suggested by the Circuit Judge would be fuller and more technically accurate than that adopted in the complaint in this case, yet it seems to us that, in view of the express provisions contained in section 180 of the Code, as construed by this court in *Childers* v. *Verner,* 12 S. C., 1, the allegations of the complaint, "liberally construed with a view to substantial justice between the parties," may be

regarded as sufficient. It is a mistake to suppose, as seems to have been done both by the Circuit Judge and by respondent's counsel, that there is no allegation in the complaint as to whom the new promise was made, for it is expressly alleged that the defendant made "a new promise to pay what was due on said note, principal and interest, *to the plaintiff*, by paying to the plaintiff, and having it credited on said note, the sum of ten dollars." It seems to us that it "can be inferred, by reasonable intendment," that the new promise was alleged to have been made in consideration of the debt due by the old note.

The respondent's attorney has, however, according to the proper practice, given notice that he will seek to sustain the ruling below, upon a ground other than that upon which it was rested by the Circuit Judge. Assuming, for the present, without, however, deciding the question, that, notwithstanding the case of *Bonham* v. *Bishop*, 23 S. C., 105, we may consider this question, inasmuch as it relates to a ruling upon the admissibility of testimony, we will proceed to do so. The position taken by respondent's counsel is, "that a simple payment, after the currency of the statute is complete, is not sufficient to sustain an action on a *new promise*, but that such payment or acknowledgment must be reduced to writing, and signed by the party to be charged." It seems to us that the express provisions of section 131 of the Code conclusively show that this position cannot be sustained. That section reads as follows: "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby; *but payment of any part of principal or interest is equivalent to a promise in writing.*" The words which we have italicized in the latter part of the section plainly put a payment on a note precisely upon the same footing with a new promise in writing, and in effect declare that one shall have the same effect as the other. We do not see how any comment which we may make can render the meaning clearer.

20—38

Prior to the adoption of the Code, it was well settled that the new promise or acknowledgment need not be *in writing;* and the sole object of this section was to require that such new promise must be in writing; but, at the same time, providing that a payment should have the same effect as a promise in writing. We are unable to discover anything, either in the terms of section 131 or in the terms of any other section under the same title of the Code, which warrants the idea that the provision in section 131, which places a payment of any part of the principal or interest upon precisely the same footing as a promise in writing, must be confined to a payment made *before* the original statutory period had expired. The cases of *Pyles* v. *Bell,* 20 S. C., 365, and *Allen* v. *Ferguson,* 18 Wall., 1, to which may be added the case of *Lanier* v. *Tolleson,* 20 S. C., 57, relate to actions on a promise to pay a debt, after a discharge in bankruptcy, and, therefore, do not apply. There, to sustain an action, the new promise must be distinct, positive, and unequivocal, not implied from a partial payment or a mere acknowledgment of indebtedness; but such is not now, and never was, the rule in relation to promises to take a case out of the operation of the statute of limitations. There the rule formerly was, that while a mere acknowledgment of a subsisting indebtedness was sufficient to imply a promise to pay the same, if such acknowledgment was made before the statutory period had run out, but after such period had expired, there must be either an express promise to pay or such unqualified and unequivocal admission that the debt is still due, unaccompanied by any expression indicative of an intention not to pay, as would imply a promise to pay. See *Young* v. *Monpoey,* 2 Bail., 278, which was always regarded as a leading case upon the subject.

Now, as we understand it, a payment on a note made after the statutory period had expired was always regarded as a sufficient acknowledgment to meet the requirements. of the rule above stated, so far as the party who was shown to have made such payment was concerned, but not sufficient to bind his co-contractor. *Goudy* v. *Gillam,* 6 Rich., 28; *Walters* v. *Kraft,* 23 S. C., 578. But, even if this were not so, it seems to us that

since the adoption of section 131 of the Code, expressly declaring that a payment shall be *equivalent* to a promise in writing, there can be no doubt that an action on a promise to pay a debt barred by the statute of limitations, can be sustained by proof of a payment made within six years previous to the commencement of the action, just as if the proof had shown a new promise in writing at the date of such payment. The question here is, *not* whether the mere endorsement of a credit upon a note by the holder thereof, after the right of action on the original promise evidenced by the note has been barred, is *sufficient* evidence of such payment, but the question here is whether such payment, *if proved*, would be equivalent to a promise in writing, and that question is conclusively determined by the express terms of the statute.

The position taken by appellant, that section 131 of the Code must be construed as relating only to promises made before the right of action on the original promise has been barred by the statute, is untenable. The title under which that section is found is designated "Time of commencing Civil Actions;" and section 94 provides that "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued," &c.; and section 112 provides that "An action upon a contract, obligation or liability, express or implied" (with certain exceptions not pertinent to the present inquiry), "must be brought within six years." Now, as this is certainly an action upon a "contract," which is "implied" from a payment made on a previous contract, upon which the right of action was barred by the statute, it is certainly one of the actions referred to in that title of the Code, and as such falls under the provisions of section 131, found under the same title. If, therefore, as we have held, this is an action upon a new contract to pay a debt originally evidenced by a note, upon which the right of action was barred by the statute, the only question is whether such new contract is evidenced in the manner required by section 131 of the Code, to wit: either by a promise in writing, or by a part payment on the original debt, declared to be equivalent to a promise in writing.

The judgment of this court is, that the judgment of the Cir-

cuit Court be reversed, and that the case be remanded to that court for a new trial.