## 12329

### BUTTS v. GEORGETOWN MUTUAL BUILDING & LOAN ASSOCIATION *ET AL.*

#### (140 S. E., 700)

LIMITATION OF ACTIONS—PAYMENT ON NOTE BY MAKER HELD NOT TO TOLL STATUTE OF LIMITATIONS AS TO INDORSERS (CODE CIV. PROC. 1922, § 331, SUBD. 1).—Under Code Civ. Proc. 1922, § 331, Subd. 1, payments before or after maturity of note by maker *held* not to toll statute as to indorsers, whether or not Negotiable Instruments Act (Civ. Code 1922, § 3846) is applicable by reason of date of instrument.

Before DEVORE, J., Georgetown, November, 1926. Reversed.

Action by Arthur E. Butts against the Georgetown Mutual Building & Loan Association, F. Ashford, as executor, Olin Sawyer, and others. Judgment for plaintiff, and the last two named defendants appeal.

*Mr. Maham W. Pyatt,* for appellants, cites: *When statutory period of limitations has run on a note, subsequent promise to pay same furnishes grounds for a new action of recovery; no recovery can be had against those who did not*

*join in the subsequent promise:* 23 S. C., 578; 33 S. C., 505; 38 S. C,. 300; 41 S. C., 143; 64 S. C., 434; 63 S. C., 78. *Neither executor nor administrator may impose any new debt upon estate of testator, or intestate:* 47 S. C., 430; 58 S. C., 289.

*Mr. Walter Hazard,* for appellant Olin Sawyer, cites: *Payment by principal debtor does not prevent operation of Statute of limitations as to endorsers:* 23 S. C., 578; 25 S. C., 228; 33 S. C., 505; 38 S. C., 300; 64 S. C., 437; 41 S. C., 143; 47 S. C., 439.  *Cases distinguished:* 26 S. C., 391; 29 S. C., 343.

*Messrs. Barr & Smith,* for respondent, cite: *Endorsers prior to adoption of negotiable instruments Act were joint makers of note:* 133 S. C., 304.  *The ordinary rule as to the release of sureties by reason of an extension of time to the principal does not apply to director or stockholders of a corporation who are sureties on its note:* 72 A. S. R., 904; 4 L. R. A., 343; 107 Fed., 788; 14 N. E., 218; 82 N. Y. S., 138; 178 Fed., 721; 47 L. R. A. (N. S.), 274. *Payment on note by principal cannot continue obligation of a surety without his consent beyond period fixed by original contract:* 23 S. C., 578; 64 S. C., 437.  Overrules 1 McC., 541; 1 Rich., 365.  *Statute of limitations not available to appellants:* Sec. 353, Code Proc.; 138 S. C., 221.  *Waiver of notice of dishonor:* Sec. 3760, Code; Sec. 3761, Code; 109 S. C., 70; Id., 294; 113 S. C., 140; 117 S. C., 140.

December 9, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action upon two notes given by the Georgetown Mutual Building & Loan Association to the plaintiff, and indorsed by the defendant Olin Sawyer, J. B. Steele, deceased, of whose will the defendant F. Ashford is executor, and by certain other defendants who are not appealing. The main question in the case is whether the plaintiff's cause of action, so far as the defendants Sawyer and Ashford,

executor, are concerned, is barred by the Statute of limitations.   Code Civ. Proc., 1922, § 331, subd. 1.

The first note was dated October 23, 1913, due October 23, 1914, for $5,000.00, with interest after date at 7 per cent. per annum and 10 per cent. attorney's fees.   Upon it the interest had been paid *by the maker,* up to October 23, 1924; nothing on principal.

The second note was dated January 7, 1915, due January 7, 1916, for $1,200, with similar interest and attorney's fees.   Upon it the interest had been paid *by the maker* up to January 7, 1925; nothing on principal.

The appealing defendants, Sawyer and Ashford, executor, pleaded the bar of the Statute of limitations, contending that payments both before and after maturity by the maker did not toll the Statute as to them, indorsers.

The case was tried before his Honor, Judge DeVore, and a jury, at November term, 1926.   He overruled the defense of the Statute, and directed a verdict in favor of the plaintiff for the full amount claimed upon each note.   The defendants indorsers have appealed from the judgment entered upon such directed verdict.

By the express terms of the Negotiable Instruments Act (Code of 1922, Vol. 3, § 3846), its provisions do not affect the first note, dated October 23, 1913.   The indorsers upon it are deemed comakers.   It *does* affect the second note, dated January 7, 1915.   The indorsers upon it are deemed indorsers in the commercial sense.   We do not think, however, that this distinction has any material bearing upon the question at issue; the law, as we view it, would apply in the one case as in the other.

The real point of controversy is the effect of the act of 1900 (23 St. at Large, p. 345), entitled, "An Act to regulate the practice in suits brought on causes of action which are saved from the bar of the Statute of limitations by part payment or a written acknowledgment," upon the pre-existing immunity of a joint maker or indorser of a note, from

liability, by reason of a part payment upon, or a written acknowledgment of, the note by the maker.

Prior to the passage of that Act, there was no question as to the principle of law that part payment on, or written acknowledgment of, a note amounted to a new promise, upon which the action must have been based, and as a matter of course the new promise would have been binding only upon the person who made it.

In *Walters v. Kraft,* 23 S. C., 578; 55 Am. Rep., 44, the Court said:

"If it be true, as we have shown it to be, that the legal liability of all the parties on the note is forever discharged by reason of the failure of the plaintiff to bring her action within six years from the maturity of the note, and that the plaintiff's only cause of action is the subsequent promise implied by the partial payments made by the principal debtor, P. W. Kraft, and credited on the note, then nothing would seem to be clearer than that no one is bound by such promise except the person who made it. If the subsequent promise, as we have seen, constitutes a new contract and a new cause of action, then certainly no one can be held liable to the performance of such new contract except him who made it."

This rule the Court applied to cases of joint debtors and sureties, and we see no reason why it should not be applied to accommodation indorsers. The Court further said:

"So that it seems to us that it would be in violation of well-settled principles to hold that a principal debtor can, by any promise of his own, either express or implied, without the assent of his surety, extend the legal obligation of such surety beyond the period originally fixed for its duration."

This case is reaffirmed in *Dickson v. Gourdin,* 26 S. C., 391; 2 S. E., 303. *Park v. Brooks,* 38 S. C., 300; 17 S. E., 22. *Hunter v. Hunter,* 63 S. C., 78; 41 S. E., 33; 90 Am. St. Rep., 663. *Ewbank v. Ewbank,* 64 S. C., 434; 42 S. E., 194. See, also, 37 C. J., 1163.

The inquiry then is reduced to this: Does the Act of 1900 convert this immunity into a liability? It does not purport to do so, clearly, in its title, which is reproduced above. The body of the Act (Code Civ. Proc., § 353), is:

"That from and after the passage of this Act, all actions upon causes of action which would be barred by the Statute of limitations but for part payment or a written acknowledgment, shall be brought on the original cause of action, and the part payment or written acknowledgment shall be evidence, to prevent the bar of the Statute of limitations."

Both the title, "An Act to regulate the practice," and the body of the Act, show that the object in view was a change from the cumbersome practice of alleging the part payment or acknowledgment as a new promise, to the simpler form of an action upon the original instrument, leaving the fact of part payment or acknowledgment as *evidence* to prevent the bar of the Statute. Evidence against whom? Certainly not against one who had not produced it.

We find nothing in the Act which indicates a purpose to change the previously declared substantive law, that the Act of part payment or acknowledgment binds only the party who made it.

It follows that his Honor, the Circuit Judge, was in error in refusing the motion of the defendants for a directed verdict, as it unquestionably appears that when the suit was brought in April, 1925, the bar of the Statute was complete as to these defendants, and that nothing appears by way of part payment or acknowledgment by them to toll the Statute.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that the case be remanded to that Court for the entry of judgment in favor of the appealing defendants under rule 27.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.