16002

WOLFE v. BRANNON *ET UX.*

(44 S. E. (2d) 833)

*Messrs. Paslay & Paslay,* of Spartanburg, for Appellants,

*Messrs. Lyles & Lyles,* of Spartanburg, for Respondent,

October 31, 1947.

OxNER, J.: This action was commenced in December, 1945, to recover the balance claimed to be due upon a promis-

sory note executed by P. B. Brannon and his wife on January 2, 1922, wherein they agreed to pay one year after date to G. C. Wolfe the sum of $2,245.00, with interest from date at the rate of seven per cent. The payee died on December 1, 1945, leaving a will in which he appointed his widow, Lillie C. Wolfe, as executrix and made her the sole beneficiary of his estate. The executrix duly qualified and shortly thereafter brought this action, alleging that there was due on the note the full amount of the principal with interest thereon, less certain small credits on account of payments made during the years 1938, 1941, 1943, 1944 and 1945. In their answer the makers of the note denied that either of them had ever made any payment thereon and alleged that the action was barred by the statute of limitations. The trial resulted in a judgment in favor of the executrix for the full amount of the principal with interest and attorneys' fees as provided for in the note, less certain credits hereinafter mentioned, from which the makers have appealed.

The questions presented by the exceptions can better be understood by first making a general statement of the case as developed by the testimony. Appellants live at Valley Falls in Spartanburg County where they have operated a laundry for approximately 25 years. G. C. Wolfe, the payee of the note, was an uncle of appellant P. B. Brannon and lived on a farm about six miles from Valley Falls. He was 84 years old at the time of his death. His widow is 64 years of age. It is undisputed that the note in controversy represents a loan made by G. C. Wolfe to his nephew. The only defense asserted by appellants is that this action is barred by the statute of limitations. Respondent testified that about 1938 or 1939 she and her husband made a trip to the lanudry at Valley Falls where appellant, P. B. Brannon, in the presence of his wife, agreed to do the laundry work for her and her husband and that the laundry charges should be entered as credits on the note. Appellants admitted that they did the laundry for Wolfe and his wife for a period of about 12 years prior to his death; that there was attached to each

bundle of laundry a ticket showing the charge therefor; and that they had never sent Wolfe a bill for the work done. Appellant P. B. Brannon testified that his uncle's laundry usually ran from 50¢ to 75¢ a week. The following appears in his testimony on direct examination: "Q. For any credit made upon this note of $2,245.00 by Mr. Wolfe, did you pay any sum to him? A. No, sir, only just doing the laundry for him." In other parts of his testimony, however, he denied ever making any agreement that the laundry charges should be credited on the note, and his wife also testified that no such agreement was made in her presence. Both appellants testified that they never intended to make any charges against Wolfe or his wife for doing their laundry. The following endorsements, testified by several witnesses to be in the handwriting of the payee, appear on the back of the note: "April 2, 1938 Received on this note $40.00 Forty Dollars for washing—January 15th, 1941 Received on within note Thirty-Five Dollars—Pay for washing".

At the conclusion of the testimony, respondent moved for a directed verdict upon the ground that the undisputed testimony showed that payments had been made on the note within a period of six years before the action was commenced. The Court overruled the motion and submitted the case to the jury upon the following issues: Was there an agreement between the payee and appellants that the charges for laundry services rendered should be credited upon the note and, if so, were there any payments made by appellants pursuant to such agreement within six years before the commencement of the action? Both of these questions were determined by the jury in favor of the respondent.

An action on a promissory note is barred unless brought within six years from its maturity. Section 388, Code of 1942. A payment proved to have been made by the maker of a promissory note after it has become barred by the statute of limitations is equivalent to a promise in writing by the maker to pay the debt, upon which action may be brought at any time within six years after such pay-

ment. Sections 368 and 370 of the 1942 Code; *Parks v. Brooks,* 38 S. C. 300, 17 S. E. 22; *Hopper v. Hopper,* 61 S. C. 124, 39 S. E. 366; *Butts v. Georgetown Mut. Building & Loan Ass'n et al.,* 142 S. C. 353, 140 S. E. 700. It is not necessary, in order to toll the running of the statute of limitations, that such payment be in actual money. An agreement between the payee and maker to apply as a credit on the note a debt owing by the payee to the maker, or an agreement to credit the note on account of goods delivered by the maker to the payee or services rendered to him, is sufficient for the purpose of interrupting the running of the statute of limitations. 34 Am. Jur., page 269; 37 C. J., page 1156.

Appellants apparently do not challenge the correctness of the foregoing well established principles. They made no motion for a nonsuit or directed verdict. Their exceptions are directed to alleged errors in the admission of testimony and in the charge of the presiding Judge.

It is contended that the Court below erred in admitting in evidence the credit endorsements on the back of the note. These endorsements were made after the bar of the statute was complete and therefore would not be sufficient evidence of a part payment for the purpose of tolling the statute. *Concklin v. Pearson,* 1 Rich. 391; *Hopper v. Hopper, supra;* 34 Am. Jur., page 271. The trial Judge made the following ruling when the note was offered in evidence: "I am going to admit the note in evidence and permit it to be published with instructions that the endorsement would have to be proven". Thereafter appellants' counsel cross-examined respondent at length with reference to these endorsements and how the payee arrived at the amounts inserted. While the amounts credited on the back of the note "for washing" were not proved with exactness, there was ample testimony tending to show that appellants did the laundry work for the Wolfe family for the years shown on these endorsements pursuant to an agreement with the payee that the charges therefor were to be credited on the note.

Under all the circumstances stated, the exceptions relating to the admission in evidence of these endorsements are overruled.

Appellants moved to strike all the testimony of respondent relating to the alleged agreement to credit the laundry charges on the note upon the ground that this testimony related to a transaction between appellants and the payee of the note, a person now deceased. It is argued that this testimony was obnoxious to Section 692 of the 1942 Code and that the Court below erred in refusing the motion to strike. We do not think that this statute is applicable. The testimony of respondent was not against a party "prosecuting or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor ·of such deceased person". *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797, 799; *Cain v. Atlantic Coast Line R. Co.,* 74 S. C. 89, 54 S. E. 244; *Harmon v. Harmon,* 96 S. C. 393, 71 S. E. 815; *Lanter et al. v. Southern States Life Ins. Co.,* 114 S. C. 536, 104 S. E. 193; *Johnson v. Broome,* 175 S. C. 385, 179 S. E. 315, 318. In the last mentioned case, in speaking of the section of the Code under consideration, the Court said: "This statute is intended to protect estates of deceased, insane, and lunatic persons from alleged communications and transactions with such persons when alive or when suffering under the disability mentioned". The testimony · complained of in the instant case was not offered against the estate of the testator but in behalf of the estate. It is generally held in other jurisdictions having similar statutes that testimony of this character does not fall within the inhibition of the statute. *Bonner v. Stotesbury et al.,* 139 N. C. 3, 51 S. E. 781; *Jackson v. Cook et al.,* 71 W. Va. 210, 76 S. E. 443; *Pickens et al. v. O'Hara et al.,* 120 W. Va. 751, 200 S. E. 746. Also see 70 C. J., page 353.

It is urged that the Court erred in admitting in evidence laundry tickets for the year 1940 when no payment during that year was alleged in the complaint. The error, if any, was not prejudicial since it was admitted

that appellants did the laundry work of the Wolfe family for approximately 12 years prior to the testator's death and that similar tickets were attached to the laundry when delivered.

The next exception relates only to appellant, Mrs. Brannon. The trial Judge apparently held that if Brannon made a payment on the note within six years prior to the commencement of the action that such payment would as a matter of law toll the statute as to both him and his wife. We agree with appellants that this ruling of the trial Judge cannot be sustained. *Walters v. Kraft,* 23 S. C. 578, 55 Am. Rep. 44; *Butts v. Georgetown Mut. Building & Loan Ass'n. et al., supra;* 37 C. J., page 1163. But under the admissions made by Mrs. Brannon the error was harmless. The only reasonable inference to be drawn from her testimony is that her husband was acting for both of them in reference to this transaction. On cross-examination she testified as follows:

"Q. You were a maker of the note just as he was? A. Yes, sir.

"Q. Was there any reason it was not paid? A. I leave business to him.

\* \* \*

"Q. If there was any payment made by him, it was made for you too, wasn't it? A. If there was, it was."

Appellants next contend that the Court erred in refusing their requests to charge. While the testimony presented sharp issues of fact to be determined by the jury, the law was very simple and was clearly and concisely charged. We find no prejudicial error in refusing these requests as the legal principles embodied therein had already been sufficiently covered by the Court in the general charge.

Finally, appellants say that the Court erred in not submitting to the jury the determination of the amount owing on the note. The issues submitted to the jury were the only ones in dispute. When the jury de-

termined these issues adversely to appellants, it followed that respondent was entitled to judgment for the full amount of the principal of the note, with interest and attorneys' fees as provided for therein, less the credits alleged in the complaint. No additional payments were claimed in the answer. In fact, it was appellants' contention that nothing had been paid on the note. In calculating the balance due on the note, the Court, with the permission of respondent, allowed appellants a credit for laundry charges on the basis of $40.00 per year for a period of six years, which was the maximum amount of laundry charges for these years in any view of the testimony and more than appellants were entitled to claim as a matter of right. Appellants are certainly not in a position to complain of the amount found to be due.

All exceptions are overruled and the judgment below affirmed.

BAKER, CJ., and FISHBURNE, STUKES and TAYLOR, JJ., concur.